**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KEVIN LANGLEY )
)
Plaintiff, )
)
v. )      Case No. 1:22-cv-00016
)
NATIONAL PUBLIC RADIO, INC. )
)
Defendant. )
)
)

Pursuant to the Court's March 20, 2026 Order, Defendant National Public Radio, Inc.

("NPR") submits this memorandum addressing the categories of damages available in a breach

of contract action and, in particular, whether Plaintiff may receive compensatory damages for

alleged emotional harm on a breach of contract claim. As set forth below, it is well-established

that District of Columbia law forecloses any recovery of emotional distress damages. Plaintiff's

damages are limited to the interest that would have accrued over the four months between when

the payment was due and when it was actually made—he can recover nothing more.

**FACTUAL BACKGROUND**

The facts underlying Plaintiff Kevin Langley's ("Langley") breach of contract claim are

undisputed. On August 15, 2019, Langley signed a separation agreement that included a release

of all claims relating to his employment at NPR and the termination thereof. *See* Doc. 27-27

(Langley Dep. Ex. 15) (Separation Agreement). In exchange, NPR agreed to pay Langley a total

of $112,398.49 before taxes, consisting of severance equal to seven months of pay ($92,398.49)

and a $20,000 lump sum payment. *See id*. The Agreement provided that the severance would be

paid in bi-weekly installments at the same base rate of pay as was being paid to Langley prior to

his separation (*id*. ¶ 3(b)), and that the lump sum would be paid "no later than the second regularly scheduled NPR payroll date following the Effective Date" (i.e., by September 13, 2019).

NPR made all of the severance payments on time, but inadvertently missed the deadline for making the September 13 additional lump sum payment.  Langley realized in or around October 2019 that NPR had missed the deadline, but never contacted NPR about it.  *See* Doc. 27-25 (Langley Dep.) 136:2-10.  NPR did not realize its mistake until January 6, 2020, when it received a copy of a charge that Langley had filed with the U.S. Equal Employment Opportunity Commission.  *See* Doc. 27-7 (Storer Decl.) ¶ 14. Three days later – on January 9, 2020 – NPR made the payment which, after taxes, amounted to $10,812.32. *See Doc*. 27-29 (Langley Dep. Ex. 18).

Based on the delayed lump sum payment, Langley filed suit alleging, among other claims, breach of contract, *See* Doc. 1-2 (Complaint) ("Compl.")) ¶ 62. He has never alleged any emotional distress of psychological attributable to the late payment, yet now asserts he is entitled to emotional distress damages. He is not.

## I.      Langley's Damages On His Breach of Contract Claim Are Very Limited

### A.      Langley Is Entitled to the Interest He Would Have Received Had the Payment Been Made On Time

By its terms, the Separation Agreement is to "be governed and construed in accordance with the laws of the District of Columbia." (Doc. 27-27 (Separation Agreement) (Langley Dep. Ex. 15) ¶ 10).) The standard measure of compensatory damages under District of Columbia is the "amount sufficient to give the non-breaching party the benefit of the bargain," *i.e.*, the sum necessary to place the injured party in the position it would have occupied had the contract been fully performed. *CapitalKeys, LLC v. Democratic Republic of Congo,* 278 F. Supp. 3d 265, 272

(D.D.C. 2017) (collecting cases). When the contract involves a unilateral obligation to pay a sum of money, "the ordinary measure of damages for nonperformance is the sum of money itself" with interest recoverable for the period of delay.  25 Williston on Contracts § 66:96 (4th ed. 2025); *see Royal Indem. Co. v. United States*, 313 U.S. 289, 295 (1941) ("A suit upon a contractual obligation to pay money at a fixed or ascertainable time is a suit to recover damages for its breach, including both the principal amount and interest by way of damage for delay in payment of the principal, after the due date."). Additional compensation for incidental or consequential damages is generally not available unless those damages were reasonably foreseeable at the time the parties made the contract. Williston on Contracts § 66:96.

Here, the lump sum payment was due on September 13, 2019, but was not paid until January 9, 2020. Interest on civil judgments is calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield. 28 U.S.C. 1961(a). As of when the payment was due, that rate was equal to 1.88%.[1] Thus, over the course of a year, the interest on the missed payment — which totaled $10,812.32 after taxes — would be just $200. Plaintiff is therefore entitled to less than $200 of interest on his breach of contract claim.

**B.**      **Langley Cannot Recover Damages For the Emotional or Psychological Harm He Now Claims to Have Experienced**

Langley claims that, in addition to interest, he is also entitled to damages for emotional distress or psychological harm which he says was attributable to the four-month delay in payment. Initially, this claim was not pled in the Complaint; Langley raised it for the first time after the Court granted summary judgment to NPR on the rest of his claims. Regardless, even if the claim were timely, it has no merit.

---

[1] *See* https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_yield_curve&field_tdr_date_value=2019 (last accessed Sept. 14, 2025).  That rate continued to drop over the next four months.  *See id.*

The District of Columbia follows the traditional common law rule that emotional distress damages are not recoverable in breach of contract actions. This principle has been consistently recognized by both the D.C. Court of Appeals and this Court. *See Asuncion v. Columbia Hosp. for Women*, 514 A.2d 1187, 1190 (D.C. 1986) (recognizing the "traditional rule . . . that mental anguish is not a compensable injury in a contract action"); *Pfeffer v. Ernst*, 82 A.2d 763, 764 (D.C. 1951) ("as a general rule, damages for mental anguish suffered by reason of the breach thereof are not recoverable"); *Howard Univ. v. Baten*, 632 A.2d 389, 392 (D.C. 1993) ("the trial judge erred here in permitting the jury to award damages for mental anguish on [plaintiff's] breach of contract claim"); s*ee also Bond v. United States DOJ*, 828 F. Supp. 2d 60, 80 (D.D.C. 2011) ("[d]amages for emotional harm stemming from any breach [are] not recoverable under District of Columbia law"); *Armstrong v. Navient Solutions, LLC*, 292 F. Supp. 3d 464, 473 (D.D.C. 2018) (finding plaintiff's claim for "emotional distress" damages is "not cognizable under D.C. contract law").

The rationale for this rule is that emotional distress arising from the breach of a contract is considered "too remote to have been in the contemplation of the parties at the time the contract was entered into to be considered as an element of compensatory damages." *Pfeffer*, 82 A.2d at 764. As the court in *Pfeffer* explained, "[s]ome type of mental anguish, anxiety, or distress is apt to result from the breach of any contract which causes pecuniary loss," yet damages for such harm are not recoverable. *Id*. This rule finds ample support in leading treatises. *See* Williston on Contracts § 64:11 ("mental suffering" is "not generally considered as a basis for compensation in contractual actions"); *see id*. § 66:96 (no recovery "for mental suffering resulting from failure to pay as agreed"); Joseph M. Perillo, Contracts, § 14.5 (2014) (describing the "general rule" that "no damages will be awarded for the mental distress or emotional trauma that may be caused by

4

a breach of contract"); 11 Timothy Murray, et al., Corbin on Contracts, §§ 56.6, 59 (2024) ("as a general rule, no damages will be awarded for the mental distress or emotional trauma that may be caused by a breach of traditional contract").

Applying this precedent, Langley cannot recover for any emotional distress or psychological injury he attributes to the four-month delay in receiving the lump sum payment. His damages are limited to the interest he would have received had the payment been made on time.

Dated: April 3, 2026                                    Respectfully submitted,


                                                        /s/ Thomas R. Chiavetta
                                                        Thomas R. Chiavetta (DC Bar No. 985370)
                                                        JONES DAY
                                                        51 Louisiana Ave., N.W.
                                                        Washington, DC 20001
                                                        (202) 879-3975
                                                        tchiavetta@jonesday.com


                                                        *Counsel for Defendant National Public
                                                        Radio, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2026, a true and accurate copy of the foregoing was filed using the CM/ECF system, which will send notification of such filing to the Court and Plaintiff's counsel.

/s/ Thomas R. Chiavetta