**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KEVIN LANGLEY**        ) | |
|        ) | |
|     **Plaintiff,**        ) | |
|        ) | |
|     **v.**        ) | **Civil Action No. 22-0016 (ABJ)** |
|        ) | |
| **NATIONAL PUBLIC RADIO, INC.**        ) | |
|        ) | |
|     **Defendant.**        ) | |
|        ) | |

**PLAINTIFF'S MEMORANDUM REGARDING DAMAGES FOR
<u>BREACH OF CONTRACT</u>**

Plaintiff Kevin Langley submits this memorandum regarding the damages resulting from Defendant National Public Radio, Inc.'s breach of the parties' Separation Agreement. The only claim remaining in this action is Plaintiff's claim for damages arising from Defendant's breach of contract. The Court has already held that Defendant failed to timely make the $20,000 lump-sum payment required by the Separation Agreement, but that rescission is not an available remedy. Exh. A at 13–16.

The record establishes that the $20,000 payment was not a routine bonus or generalized severance component. It was specifically negotiated and added to the agreement to address Plaintiff's COBRA and health-coverage costs after Plaintiff informed NPR that his family COBRA premiums had dramatically increased, his prescription refills had been denied, he was trying to restore his health benefits, and the resulting disruption had caused significant anguish. Plaintiff therefore seeks an award of damages sufficient to place him in the position he would have occupied had NPR timely performed the contract, including direct damages for the loss of use of the funds,

1

consequential damages proved at trial, and all other relief the Court deems proper. See *Roth v. Speck*, 126 A.2d 153, 155 (D.C. 1956).

### I.   Plaintiff Is Entitled to Recover Damages Caused by NPR's Failure to Timely Perform the Separation Agreement

A party injured by a breach of contract is entitled to damages sufficient to place him in the position he would have occupied had the contract been performed. See *Roth v. Speck*, 126 A.2d 153, 155 (D.C. 1956). Here, the contract required prompt payment of the $20,000 lump sum after the agreement became effective. NPR did not do so. At minimum, Plaintiff is entitled to the value of the lost use of the funds during the period of delay. The Court has already indicated as much, noting that an adequate legal remedy exists in the form of compensation such as the interest Plaintiff would have otherwise earned during the four-month period in which he was deprived of the money. Exh. A at 15–16.

Even under the narrowest measure of damages, Plaintiff is entitled to: (1) prejudgment interest or equivalent loss-of-use damages; (2) any provable carrying costs, borrowing costs, or similar financial consequences caused by the delay; and (3) nominal damages if the Court were to conclude that the proven monetary harm beyond interest is limited. Those consequences are not hypothetical here. Plaintiff testified that he was forced to liquidate retirement savings to cover ongoing expenses and health-insurance costs during the period of nonpayment, and that he would not have done so if the $20,000 payment had been made when promised. Exh. B at 141–142 (Langley Dep. 141:5–8).

In the District of Columbia, the Court may include interest as an element of breach-of-contract damages "if necessary to fully compensate the plaintiff." D.C. Code § 15-109; see also *District of Columbia v. Pierce Assocs., Inc.*, 527 A.2d 306, 311–12 (D.C. 1987)

**II.      The Nature and Purpose of the $20,000 Payment Make Consequential Harm Foreseeable**

The evidence shows that the payment was negotiated for a particular reason: Plaintiff was facing immediate health-insurance and prescription problems and had specifically sought relief from NPR because of escalating COBRA costs and the disruption to his family's medical coverage.

NPR knew: (1) that Plaintiff's health benefits had not been smoothly restored; (2) that prescription refills had been denied; (3) that Plaintiff described the resulting situation as causing anguish; (4) that family COBRA premiums had sharply increased; and (5) that the added $20,000 was being provided precisely to address those medical-coverage concerns.

That evidence is important because it shows that the consequences of delayed payment were foreseeable at the time of contracting. NPR was not ignorant of the purpose of the payment. To the contrary, the negotiation record shows that Langley specifically sought COBRA assistance, that Storer responded by adding the $20,000 term to address COBRA costs, and that Langley expressly acknowledged and appreciated that COBRA assistance when reviewing the revised agreement. It added the term because Plaintiff explained why he needed it. Storer's August 8 email expressly tied the payment to COBRA and family needs. Exh. B at 4–5 (email dated Aug. 8, 2019).

Accordingly, Plaintiff should be permitted to recover consequential damages caused by the delayed payment to the extent he proves them with reasonable certainty. Under District of Columbia law, consequential damages are recoverable if they were within the contemplation of the parties when the contract was made, or otherwise reasonably foreseeable, and if they are proved with reasonable certainty. See *Sears, Roebuck & Co. v. Goudie*, 290 A.2d 826, 832–33 (D.C. 1972).

**III.      Plaintiff's Claimed Mental Breakdown Is Relevant to the Damages Inquiry, Subject to Proof of Causation and Amount**

Plaintiff contends that NPR's failure to make the promised COBRA-related payment caused him to suffer severe emotional and psychological harm, including a mental breakdown. Because the payment was specifically intended to address urgent medical-insurance needs, and because NPR knew that Plaintiff was already dealing with denied prescriptions, benefit-restoration issues, and significant distress during the transition, Plaintiff's claimed emotional harm is not untethered from the contract's subject matter.

To be sure, emotional-distress-type damages are not automatically available in every contract case. See *Howard Univ. v. Baten*, 632 A.2d 389, 392–93 (D.C. 1993). But this case is unusual. The delayed payment was specifically designed to address continuation of health coverage for Plaintiff and his family. The contract term was negotiated in response to ongoing medical and prescription difficulties, and NPR itself described the payment as support for Plaintiff's family during the transition.

Under these circumstances, Plaintiff should be permitted to present evidence that the delayed payment caused or materially worsened his psychological condition. The record already shows a progression from medical-coverage disruption to financial crisis: denied prescription refills, difficulties restoring health benefits, sharply increased COBRA premiums, and, when the promised payment did not arrive, the need to draw from retirement savings to cover essential family obligations and health-insurance expenses. The weight and sufficiency of that evidence will determine the amount recoverable, but the claim should not be dismissed out of hand where the record already shows that NPR knew the payment related to health coverage, acute financial strain, and family needs.

If Plaintiff presents competent evidence tying the delayed payment to his mental breakdown, the Court may award those resulting damages to the extent proven. At the same time,

Plaintiff recognizes that District of Columbia law generally requires damages—especially consequential damages—to be shown with reasonable certainty and not left to speculation. See *Sears*, 290 A.2d at 833; *Bedell v. Inver Hous., Inc.*, 506 A.2d 202, 204–05 (D.C. 1986).

**IV.      The Evidence Supports Proceeding on Both a Baseline and an Expanded Damages Theory**

The present record already supports a baseline damages award consisting of interest or loss-of-use damages. It also supports submission of a broader consequential-damages theory because: (1) the payment was specifically for COBRA-related needs; (2) NPR knew Plaintiff was dealing with denied prescriptions and benefit-restoration problems; (3) NPR knew the family COBRA premium had sharply increased; and (4) NPR added the payment specifically to address those pressures.

If Plaintiff substantiates additional out-of-pocket costs, medical consequences, or psychological injury caused by the delay, those damages should also be awarded. See *Sears, Roebuck & Co. v. Goudie*, 290 A.2d 826, 832–33 (D.C. 1972); D.C. Code § 15-109.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully submits that he is entitled to recover damages for Defendant's breach of the Separation Agreement, including: (1) direct damages for the loss of use of the $20,000 payment during the period of delay, including prejudgment interest; (2) consequential damages caused by the delayed payment to the extent proven, including financial and health-coverage-related losses; (3) damages for mental and emotional harm if Plaintiff proves that the delayed COBRA payment caused or materially contributed to his mental breakdown; and (4) such other and further relief as the Court deems just and proper.

5

Dated: April 3, 2026

Respectfully submitted,

/s/ David A. Branch

_____

David A. Branch
Law Office of David A. Branch &
Associates, PLLC
1120 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
(202) 785-2805
davidbranch@dbranchlaw.com

*Counsel for Plaintiff*