**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KEVIN LANGLEY,** | |
| *Plaintiff,* | **Case No. 1:22-cv-00016-ABJ** |
| v. | |
| **NATIONAL PUBLIC RADIO, INC.,** | |
| *Defendant.* | |

## PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD WITH HIS SUPPLEMENTAL RESPONSE TO DEFENDANT'S INTERROGATORY NO. 6

Comes now Plaintiff Kevin Langley ("Plaintiff"), by and through undersigned counsel, and respectfully moves for leave to supplement the record with his Supplemental Responses to Defendant's First Set of Interrogatories, served on Defendant on July 17, 2023, and attached hereto as Exhibit 1. Plaintiff seeks to ensure that the Court has the complete and accurate supplemental response to Interrogatory No. 6 because Defendant relied upon Plaintiff's earlier response to that interrogatory in its memorandum. In support of this Motion, Plaintiff states as follows:

### BACKGROUND

During Phase 1 discovery, Defendant served its First Set of Interrogatories on Plaintiff. Interrogatory No. 6 requested that Plaintiff identify each category of damages or relief he sought, the amount and method of calculation, the facts and persons supporting the claim, and the related documents.

Plaintiff initially responded to Interrogatory No. 6 and later timely served a supplemental response on July 17, 2023. The supplemental responses were served before Plaintiff's deposition. They also expressly qualified each answer by explaining that discovery had not yet been completed and that additional facts and witnesses could be identified as discovery progressed.

1

As relevant here, Plaintiff's supplemental response to Interrogatory No. 6 stated that he would "additionally seek presently uncalculated punitive damages" and that he "reserve[d] the right to consult a damages expert and supplement this answer accordingly." Exhibit 1 at 5.

Defendant subsequently cited or relied upon Plaintiff's original response to Interrogatory No. 6 in its memorandum, without placing the later supplemental response before the Court. Because the supplemental response preceded Plaintiff's deposition and contains Plaintiff's most current discovery answer concerning punitive damages and a potential damages expert, supplementation of the record will provide the Court with a complete and accurate account of Plaintiff's response.

## ARGUMENT

The Court should exercise its discretion to permit Plaintiff to supplement the record with the July 17, 2023 supplemental responses. The requested supplementation does not introduce a newly created position or post-deposition revision. It places before the Court a discovery response that Plaintiff served on Defendant before the deposition and that directly updates the earlier response upon which Defendant relied.

The supplemental response is relevant to the issues Defendant placed before the Court because it reflects that Plaintiff was seeking punitive damages and had reserved the right to consult a damages expert. Consideration of only the superseded original response would leave the record incomplete and could create an inaccurate impression concerning the damages and expert-related disclosures made before Plaintiff's deposition.

Defendant will suffer no prejudice from the requested relief. Defendant received the supplemental responses in July 2023, before Plaintiff's deposition, and has long possessed the same document Plaintiff now asks the Court to consider. The requested filing simply ensures that the record contains the operative response and allows the Court to evaluate Defendant's characterization of Plaintiff's discovery answers in their full context.

## LOCAL CIVIL RULE 7(m) STATEMENT

Pursuant to Local Civil Rule 7(m), undersigned contacted counsel for Defendant regarding the relief requested in this Motion. Defendant did not respond at the time this motion was filed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and accept Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories, attached as Exhibit 1, as part of the record for purposes of resolving the matters addressed in Defendant's memorandum.

Dated: July 23, 2026

Respectfully submitted,

/s/ David A. Branch
David A. Branch
D.C. Bar No. 438764
LAW OFFICE OF DAVID A. BRANCH &
ASSOCIATES, PLLC
1120 Connecticut Avenue, NW
Suite 500
Washington, D.C. 20006
Telephone: (202) 785-2805
davidbranch@dbranchlaw.com

*Counsel for Plaintiff.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN LANGLEY,

   *Plaintiff,*

  v.

NATIONAL PUBLIC RADIO, INC.,

   *Defendant.*

Case No. 1:22-cv-00016-ABJ

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Leave to Supplement the Record with His Supplemental Response to Defendant's Interrogatory No. 6, any opposition thereto, the entire record in this matter, and for good cause shown, it is hereby

ORDERED that Plaintiff's Motion is GRANTED; and it is further

ORDERED that Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories, attached to Plaintiff's Motion as Exhibit 1, are accepted as part of the record for purposes of resolving the matters addressed in Defendant's memorandum.

SO ORDERED.

Date: _____     _____

          AMY BERMAN JACKSON
          United States District Judge

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July 2026, a copy of the foregoing Plaintiff's Motion for Leave to Supplement the Record with his Supplemental Response to Defendant's Interrogatory No. 6 was filed through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

/s/ David A. Branch
David A. Branch